USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

JOSE RIVERA,

Defendant.

1:22-cr-00329-MKV

**ORDER GRANTING MOTION FOR A REDUCTION IN SENTENCE**

MARY KAY VYSKOCIL, United States District Judge:

Mr. Rivera pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Crack in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) ("Count One"); Unlawful Possession of a Firearm in a School Zone in violation of 18 U.S.C. § 922(q)(c) ("Count Two"); and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). Using the 2023 Guidelines Manual, the Court independently calculated Mr. Rivera's Sentencing Guidelines range to be 106 to 117 months, based on an offense level of 21 and a criminal history category of III.  [ECF No. 28 ("Tr." or "Sentencing Transcript") at 49:17-20].  This included a range of 46 to 57 months for the grouping of Counts One and Two as well as a mandatory 60-month sentence for Count Three. Tr. 49:12-20.  Pursuant to these Guidelines, Mr. Rivera was sentenced principally to 42 months for Count One, 5 months for Count Two, and 60 months for Count Three, for a total sentence of 107 months' imprisonment.  Tr. 58:17-22.

Thereafter, the Probation Office issued a Revised Supplemental Presentence Report indicating that Mr. Rivera is eligible for a reduction pursuant to 18 U.S.C. § 3852(c)(2) and Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively [ECF No. 30, ("Revised PSR")] (citing U.S.S.G. § 1B1.10).  Mr. Rivera subsequently filed a letter *pro se* requesting that the Court decrease his sentence and appoint him

1

counsel to move for such a decrease. [ECF No. 31]. The Court did so and ordered briefing on the subject. [ECF Nos. 32, 35, 36]. The Government submitted a letter noting that it does not oppose a sentence reduction. [ECF No. 33 ("Gov't Mem.")]. Mr. Rivera's counsel filed a letter motion urging the Court to resentence Mr. Rivera to 101 months. [ECF No. 37 ("Def. Mem.")]

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the Court must determine whether a defendant is eligible for a potential sentence reduction by noting whether, as a result of an amendment to the Sentencing Guidelines, the defendant's amended Guidelines range is lower than the range applied at his sentencing and that the defendant did not already receive a sentence lower than the amended range. *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). Once the Court concludes that a defendant is eligible for a potential sentence reduction, the Court must then "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see Dillon*, 560 U.S. at 826. A court may also take the defendant's post-sentencing conduct into account when determining whether reducing the sentence comports with the policy statement in the Sentencing Guidelines. U.S.S.G. § 1B1.10 app. note 1(B)(iii).

Mr. Rivera, the Probation Department, and the Government are all in agreement that Mr. Rivera is eligible for a sentence reduction pursuant to Amendment 821, which provides that a defendant who committed an offense while under any criminal justice sentence only receives a one-point enhancement if they have seven or more criminal history points before the enhancement is applied. *See* Revised PSR at 2; Def. Mem. at 2; Gov. Mem. at 4; U.S.S.G. § 4A1.1(e). Mr. Rivera's original Sentencing Guideline for the grouping of Counts One and Two was 46 to 57 months, based on an offense level of 21 and criminal history category of III. Tr. 49:12-19. Count

2

Three carried a mandatory sentence of 60 months, resulting in a final guidelines range of 106 to 117 months. Tr. 49:17-20. At the time of sentencing, Mr. Rivera had two criminal history points and received two additional criminal history points for committing the instant offenses while under a criminal justice sentence, making his Criminal History category III. *See* Revised PSR at 3. Under the amended Guidelines, Mr. Rivera would not receive the two additional Criminal History points because he had six or fewer criminal history points at the time of sentencing, meaning that his criminal history category would remain at two. *See* Revised PSR at 2-3. As a result, Mr. Rivera's revised sentencing guideline range is 101 to 111 months based on an offense level of 21 and a criminal history category of II. As noted above, the Court originally sentenced Mr. Rivera to 107 months, which is not lower than the bottom of the amended range. *See Sardarova*, 2024 WL 259775, at *1. Accordingly, Mr. Rivera is eligible for a sentence reduction.

When imposing its original sentence, the Court determined that Mr. Rivera's sentence should be on the lower end of the sentencing range because such a sentence would be "sufficient, but not greater than necessary, to serve the goals of sentencing as set forth in Section 3553(a)(2)." Tr. 58:14-17. The Court considered these factors, including the seriousness of the crime, the dangerousness of the drugs he sold and the firearms he used and thus the need to protect the public, his cooperation with the prosecution, the mitigating circumstances of his difficult childhood and drug addiction, and the need to avoid unwarranted sentencing disparities. Tr. 49:21–58:22. The factors that the Court considered at sentencing have not changed since. At sentencing, the Court made clear to Mr. Rivera that it hopes that he "take[s] advantage of the educational and vocational training that will be made available to [him] during [his] incarceration so that [he] can avoid returning to criminal activity in the future . . . ." Tr. 58:03-11. Mr. Rivera's behavior while incarcerated suggests that he heeded the Court's advice—he has participated in several educational

3

programs, he works regular shifts as a food service clerk and orderly, and he has not received any disciplinary sanctions while in custody.  *See* Revised PSR at 3-4.  For these reasons, and because the Government does not make any arguments to the contrary, the Court believes that reducing Mr. Recamier's sentence to the lower end of the revised sentencing range would properly balanced the § 3553(a) factors and the policy goals of sentencing.  *See* U.S.S.G. § 1B1.10.

In his *pro se* motion, Mr. Rivera makes an alternative argument for a reduction in sentence based on changes in the Attorney General's guidance on sentencing disparity between crack and powder cocaine.  [ECF No. 31].  Mr. Rivera, through his attorney, subsequently contended that this argument is a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). Def. Mem. at 1-2, 4.  Defendant's counsel explains further that despite repeated attempts, he has not been able to meaningfully confer with Mr. Rivera to determine if the required "extraordinary and compelling reasons" for a reduction exist and accordingly, asks for leave to file a subsequent motion, "if warranted, after consultation with counsel." *Id.* The Government addresses this argument briefly stating that "a defendant may not employ Section 3582(c)(2) to relitigate sentencing issues unrelated to application of Amendment 821." Gov't Mem. at 1 n.1 (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)).  While the Government is correct that Section 3582(c)(2) "does not authorize a resentencing," *see Dillon*, 560 U.S. at 831, Mr. Rivera here seeks leave to move for an additional resentencing under a Section 3582(c)(1), not Section 3582(c)(2).[1]  Accordingly, the Court adopts the revised Sentencing Guidelines as suggested in the Supplemental PSR.  *See* Revised PSR at 3.  IT IS HEREBY ORDERED that Mr. Rivera's motion

---

[1] Mr. Rivera and his counsel should note that at sentencing, the parties made fulsome argument regarding the Attorney General's guidance regarding the sentencing disparity between crack and powder cocaine. Tr. 21:06-23:11, 36:16-39:14. Moreover, the Court noted that the guidelines not binding and that "whether [the] disparity is warranted is appropriately left to the judgment of Congress and the sentencing commission" and "[f]or the time being, their judgment is that such a disparity is warranted." Tr. 38:08-09, 45:14-47:10, 56:11-57:06.

for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED.

IT IS FURTHER ORDERED that Mr. Rivera's term of imprisonment is reduced from 107 months to 102 months. All other components of the sentence remain as originally imposed.

IT IS FURTHER ORDERED that, since Mr. Rivera's counsel has not had the opportunity to discuss the merits of a potential motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) with his client, Mr. Rivera's request for leave to file a motion pursuant to that section is DENIED without prejudice to renewal. Instead, after consultation with his client, Defense Counsel shall file a letter on or before October 2, 2025 advising the Court whether Mr. Rivera intends to move for resentencing pursuant to 18 U.S.C. § 3582(c)(1), including a more fulsome explanation of why he is permitted to do so.

**SO ORDERED.**

**Date: August 21, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

5