USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, -against- JOSE RIVERA, Defendants. | 22-cr-329 (MKV) OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

MARY KAY VYSKOCIL, United States District Judge:

Defendant Jose Rivera, proceeding *pro se*, moves for compassionate release, [ECF No. 44 (the "Mot.")], pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed an opposition [ECF No. 45 (the "Gov't Opp.")] to which the Defendant filed a reply [ECF No. 46 (the "Reply"). For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

The Court sentenced Defendant on January 5, 2023 to a term of 107 months of imprisonment for his conviction, following a guilty plea, for Conspiracy to Distribute and Possess with Intent to Distribute Crack in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) ("Count One"), Unlawful Possession of a Firearm in a School Zone in violation of 18 U.S.C. § 922(q)(c) ("Count Two"), and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). [ECF No. 22]. Pursuant to the then-operative November 1, 2021 Guidelines Manual, the Court calculated that, based on an offense level of 21 and a criminal history category of III, Defendant's guidelines range was 106 to 117 months imprisonment. [ECF No. 28 (the "Sentencing Transcript")]. In imposing a sentence of 107 months, the Court considered the factors set forth in 18 U.S.C. § 3553(a), including the seriousness of the Defendant's offenses, the need to protect the public, his acceptance of responsibility, the

need for treatment in the most effective manner, the mitigating circumstances of his difficult childhood and drug addiction, and the need to avoid unwarranted sentencing disparities. *See* Sentencing Transcript 49-58. In imposing the sentence, the Court specifically rejected Defendant's argument that the 18:1 Guidelines disparity between crack and powder cocaine warranted a departure or variance. *See id*.

Thereafter, the Probation Office issued a Revised Supplemental Presentence Report [ECF No. 30 (the "Revised PSR")] indicating that Defendant was eligible for a sentence reduction pursuant to 18 U.S.C. § 3852(c)(2) and Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applied retroactively. Relevant here, Part A of Amendment 821 amended Guidelines § 4A1.1 by reducing the application of criminal history points from two points to one for offenders who committed the current offense while under any criminal sentence and by limiting this adjustment to defendants who received seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e) (2023).

According to the Revised PSR and based on the amended Guidelines, Defendant's criminal history points were reduced from four points to two points resulting in a revised criminal history category of II. *See* Revised PSR at 2-3. As a result, Defendant's revised Guidelines range was 101 to 111 months imprisonment. In turn, Defendant, proceeding *pro se*, filed a motion for a sentence reduction and requested appointment of counsel. [ECF No. 31]. In turn, the Court appointed counsel for Defendant and ordered briefing on the motion. [ECF Nos. 32, 35, 36]. Thereafter, the Court granted Defendant's motion and reduced his term of imprisonment to 102 months. *See* [ECF No. 38]. Defendant's subsequent motion for compassionate release followed soon thereafter.

## LEGAL STANDARD

The Court may reduce a previously imposed a term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). *See also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Exceptional circumstances, either singly or in combination, include "at a high level, certain medical circumstances of the defendant, the age of the defendant, certain family circumstances, whether the defendant was the victim of abuse while in custody, other circumstances of similar gravity, and changes in law that make the defendant's sentence unusually long." *United States v. Fernandez*, 795 F. Supp. 3d 457, 462 (S.D.N.Y. 2025); *see* U.S.S.G. § 1B1.13(b); *United States v. Mendez-Rojas*, No. 11-cr-929 (PAE), 2024 WL 4345561, at *3 (S.D.N.Y. Sept. 30, 2024). In considering a compassionate release motion, a court can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]," but "there are [certain] requirements that must be satisfied before a court can grant such relief." *Keitt*, 21 F.4th at 71 (quoting *United States v. Brooker*, 876 F.3d 228, 237 (2d Cir. 2020)).

First, a district court can only reach the merits of a motion made pursuant to Section 3582(c)(1)(A)(i) upon either a motion from Director of the Bureau of Prisons or upon motion from the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *see also United States v. Saladino*, 7 F.4th 120, 123-24 (2d Cir. 2021). Second, even if the court finds that a defendant has established an extraordinary and compelling reason for compassionate release, it must still determine whether a reduction is

consistent with the factors set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Rodriguez*, No. 96-cr-959 (SHS), 2025 WL 212766 at *1 (S.D.N.Y. Jan. 16, 2025); *Fernandez*, 795 F. Supp. 3d at 462.

Ultimately, the defendant "bears the burden of showing that circumstances warrant a sentence reduction." *United States v. Reynolds*, No. 20-cr-692 (CS), 2023 WL 3570668, at *1 (S.D.N.Y. May 18, 2023) (quotation omitted); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he . . . has the burden of showing that the circumstances warrant that decrease."); *United States v. Kornegay*, No. 13-cr-428 (PAE), 2023 WL 2754264, at *4 (S.D.N.Y. Apr. 3, 2023).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

At the outset, while the Government does not argue that Defendant has failed to exhaust his administrative remedies, the record does not establish that he has done so. Defendant attaches his Warden's October 2, 2025 denial of his motion for compassionate release, which notes that Defendant may "commence an appeal of this decision via the administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." Mot., Ex. 1. However, the record does not indicate whether Defendant pursued this appeal and thus exhausted his administrative remedies. *See United States v. Agostini*, No. 00-cr-237 (VM), 2020 WL 6047362, at *1 (S.D.N.Y. Oct. 13, 2020) (noting "it is not clear" defendant satisfied exhaustion requirement where warden denied defendant's request and defendant "has not provided any information to the Court regarding steps taken to appeal the Warden's decision"). In any event, because Defendant's basis for compassionate release otherwise lacks merit, the Court

assumes, without deciding, that Defendant has exhausted his remedies, *see United States v. Mirabal*, No. 16-cr-272 (VM), 2023 WL 2401377, at *7 (S.D.N.Y. Mar. 8, 2023) (holding the same); *Agostini*, 2020 WL 6047362, at *1-2, or, alternatively, that the Government has waived exhaustion by failing to raise the issue and focusing solely on the merits of the motion. *See United States v. Ng Lap Seng*, No. 15-cr-706 (VSB), 2021 WL 961749, at *3 (S.D.N.Y. Mar. 15, 2021) (holding exhaustion can be waived where the Government fails to raise it); *United States v. Russo*, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020) (finding "the Government can waive the affirmative defense of exhaustion").

## II. Extraordinary and Compelling Reasons

In moving for compassionate release, Defendant argues there are extraordinary and compelling reasons justifying his release including: (1) his post-sentence rehabilitation; (2) his "extraordinary family ties and solid reentry plan"; (3) the disparity between crack and powder cocaine; and (4) the defendant's youth at the time of the offenses. Mot. at 7-10. However, since these reasons, alone or in combination, do not present extraordinary and compelling reasons justifying compassionate release, Defendant's motion is denied.

First, with respect to his post-sentence rehabilitation, Defendant points to prison records that document, among other things, the completion of several educational courses while serving his sentence. *See* Mot., Ex. 4. Although admirable, these sorts of rehabilitative efforts do not justify compassionate release because "a productive institutional record while incarcerated is what is expected and is not a basis for a sentence reduction." *United States v. Baptiste*, No. 15-cr-854 (SHS), 2024 WL 3425818, at *2 (S.D.N.Y. July 16, 2024) (citation altered); *see also United States v. Tillman*, No. 13-cr-362 (JPC), 2023 WL 355624, at *4 (S.D.N.Y. Jan. 23, 2023) ("While the Court commends [defendant] for apparently participating in positive prison programs, obtaining a

GED, and maintaining a clean disciplinary record, as well as for his plans to transition back to society, the Court does not find this progress and future plans to constitute extraordinary and compelling reasons meriting release[.]"); *United States v. Steele*, No. 15-cr-836 (VM), 2022 WL 2437904, at *2 (S.D.N.Y. July 5, 2022) ("The Court commends [the defendant's] rehabilitative efforts but finds that these efforts do not, either alone or in combination with the other circumstances he cites, meet the 'extraordinary and compelling' standard.").

Second, Defendant contends that his family ties and reentry plan warrant compassionate release. Mot. at 10. However, Defendant has failed to provide the Court with any detail regarding his family relationships or his reentry plan. *See id.*; Reply at 3-4. Without such information, it is impossible for the Court to evaluate this basis for compassionate release. In any event, even if Defendant provided a showing of strong family ties, "only in rare situations do family circumstances combine with several other factors to fulfill the catch-all provision to warrant relief." *United States v. Duarte*, No. 99-cr-192 (CSH), 2025 WL 1434886, at *7 (S.D.N.Y. May 19, 2025) (citation altered); s*ee also United States v. Farmer*, No. 04-cr-209 (JS), 2025 WL 3033762, at *7-8 (E.D.N.Y. Oct. 30, 2025) (finding defendants evidence of his strong rehabilitative efforts and family relationships insufficient to justify compassionate release). Moreover, a "solid re-entry plan," Mot. at 10, does not constitute extraordinary reasons warranting compassionate release. *See Tillman*, 2023 WL 355624, at *4.

Third, Defendant argues that the 18:1 disparity between crack and powder cocaine justifies a reduction in sentence. Mot. at 10. This argument, however, is merely an attempt to re-litigate the arguments raised at sentencing that the Court previously rejected. *See* Sentencing Transcript at 46, 56-57. At sentencing, the Court made clear that "whether [the] disparity [between crack and powder cocaine] is warranted is appropriately left to the judgment of Congress and the sentencing

commission," and that "it is not within [the Court's] authority to rewrite the sentencing guidelines." Sentencing Transcript at 47, 56. Given that the disparity remains to this day, Defendant's argument remains unpersuasive and does not constitute an extraordinary and compelling reason.

Finally, Defendant argues that his youth at the time of the offense is a basis for compassionate release. *See* Mot. at 10. Although some courts in this Circuit have accepted youth as a valid basis for a sentence reduction, in such cases the underlying offenses were deemed "split-second" and "hot-headed." *United States v. Haylock*, No. 19-cr-846 (KPF), 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024) (citation omitted). In contrast, "[c]ourts in this District have denied similar motions for compassionate release based on the defendant's age, where the defendant's actions were calculated and deliberate and not the product of duress." *United States v. Delvalle*, No. 17-cr-314 (VM), 2024 WL 3934989, at *4 (S.D.N.Y. Aug. 23, 2024). Here, as the Court stated at sentencing, the Defendant's conduct was repeated, persistent, intentional, and spanned over several months, Sentencing Transcript at 51-52, and thus does not implicate "high-pressure, time-sensitive, emotional contexts." *Cf. United States v. Golding*, No. 05-cr-538 (JSR), 2022 WL 2985014, at *3 (S.D.N.Y. July 27, 2022) (finding Defendant's age weighed in favor of finding extraordinary and compelling reasons where offense occurred in a "high-pressure, time-sensitive, emotional context[]"). In sum, Defendant's proffered reasons considered individually and in combination do not rise to the level of extraordinary and compelling circumstances warranting release.

## III. Release is Inconsistent with Section 3553(a) Factors

Further, even if Defendant had demonstrated an extraordinary and compelling reason, a reduction would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Defendant, over a three-month period, sold crack cocaine multiple times. Such conduct is extremely serious and poses "grave harm to the community." Sentencing Transcript at 51. Further, Defendant was "prepared to continue delivering drugs at regular intervals if [he] hadn't been arrested." *Id.* at 52. Moreover, Defendant had previously been convicted of "several serious firearms offense[s]" and again was convicted here to unlawful possession of a firearm in a school zone and using, carrying, and possessing a firearm in connection with his drug trafficking offense. *Id.* at 51. Given these facts, the 102-month sentence remains sufficient but not greater than necessary to achieve the purposes of sentencing in that it appropriately reflects the gravity of the Defendant's offense, his prior criminal history, the need to protect the public, and the need for deterrence. *See id.* at 55.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendant's motion for compassionate release is DENIED.

The Clerk of Court respectfully is requested to terminate docket entry 44.

**SO ORDERED.**

**Date: August 3, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**